IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JESTARD C. JONES, | **MEMORANDUM DECISION & ORDER DIRECTING SERVICE OF PROCESS & DISPOSITIVE MOTION** |
| Plaintiff, | |
| v. | Case No. 1:15-CV-139 TS |
| "JOHN" GAMMEL et al., | District Judge Ted Stewart |
| Defendants. | |

Plaintiff, Jestard C. Jones, a former inmate at Weber County Jail, filed this *pro se* civil rights suit.   *See* 42 U.S.C.S. § 1983 (2016).   Plaintiff was allowed to proceed *in forma pauperis*.   *See* 28 *id.* § 1915.

Based on its review of the Complaint, (*see* Docket Entry # 4), the Court concludes that official service of process is warranted.   The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Complaint, along with this Order, upon the following Weber County defendant:   **"John" Gammell**.

Once served, Defendant shall respond to the summons in one of the following ways:

(A) If Defendant wishes to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendant must,

    (i) file an answer, within twenty days of service;

    (ii) within ninety days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1];

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

      (iii) within ninety days of filing an answer, file a separate summary-judgment motion, with a supporting memorandum; **and**

      (iv) within ninety days of filing an answer, submit a proposed order for dismissing the case based upon Plaintiff's failure to exhaust, in word processing format to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

(B) If Defendant chooses to challenge the bare allegations of the complaint, Defendant shall, within twenty days of service, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6), and submit a proposed order for dismissing the case, in word processing format, to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

(C) If Defendant chooses not to rely on the defense of failure to exhaust and wishes to pierce the allegations of the complaint, Defendant must,

      (i) file an answer, within twenty days of service;

---

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

    (ii) within ninety days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint;

    (iii) within ninety days of filing an answer, file a separate summary-judgment motion, with a supporting memorandum; **and**

    (iv) within ninety days of filing an answer, submit a proposed order for dismissing the case based upon the summary-judgment motion, in word processing format, to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

  The parties shall take note that local rules governing civil cases are in effect.   The Local Rules are posted on the Court's website.   All requirements are important but pay special attention to those in motion practice and sealed filings.   This Court will order the parties to refile summary-judgment motions which do not follow the standards.   *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

  Plaintiff is notified that, if Defendant moves for summary judgment, Plaintiff may not rest upon the mere allegations in the complaint.   Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment, Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.[2]

---

[2]  When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial.   If the opposing party does not so

## MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to request *pro bono* counsel to represent him. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2016); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

---

       respond, summary judgment, should, if appropriate, be entered
       against that party.
Fed. R. Civ. P. 56(e)(2).

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for service of process is **GRANTED**.   (*See* Docket Entry # 7.)

(2) The USMS shall serve a completed summons, a copy of the Complaint, (*see* Docket Entry # 4), and a copy of this Order upon the above-listed defendant.

(3) Within twenty days of being served, Defendant must file an answer or motion to dismiss and proposed order, as outlined above.

(4) If filing (on exhaustion or any other basis) a *Martinez* report **with** a summary-judgment motion and proposed order, Defendant must do so within ninety days of filing an answer.

(5) If served with a *Martinez* report and a summary-judgment motion or motion to dismiss, Plaintiff must file a response within thirty days.

(6) Summary-judgment motion deadline is ninety days from filing of answer.

(7) Plaintiff's motion for appointed counsel is **DENIED**, (*see* Docket Entry # 5); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 15th day of August, 2016.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court